FILED

2017 MAR 16  PM 2:34

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JOLINDA COUNTS, ) Case No.:
)
Plaintiff, )
v. ) Hon.   6:17-cv-477-01-31DEJ
)
BANK OF AMERICA, )
)
Defendant. )
_____ )

## COMPLAINT

NOW COMES Plaintiff, JOLINDA COUNTS ("Plaintiff"), by and through her attorneys, and hereby alleges the following against Defendant, BANK OF AMERICA, ("Defendant"):

### Introduction

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction of this action pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district as Plaintiff resides in this district and as Defendant transacts business in this district.

### Parties

4.     Plaintiff is a natural person at all times relevant residing in Orlando, Florida.

5.     Defendant is a business entity with headquarters in Delaware.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Factual Allegations

7.      Defendant placed telephone calls to ███████████.

8.      Telephone number ██████████ is assigned to Plaintiff's cellular telephone.

9.      Defendant called Plaintiff with telephone numbers, (800) 536-1584, (877) 539-6802, and (321) 745-6387.

10.     These calls are not for emergency purposes.

11.     These calls were to collect payments that were allegedly past due and owed by an individual that is not Plaintiff.

12.     Plaintiff is not the intended recipient of these calls.

13.     Plaintiff never gave consent for Defendant to use an automatic telephone dialing system to call her cell phone.

14.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

15.     On or about August 19, 2016, Plaintiff instructed Defendant to stop calling her cell phone.

16.     Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after August 19, 2016.

17.     Since August 19, 2016, Defendant called Plaintiff's cell phone at least one hundred thirty-eight (138) times.

18.     Defendant used an automatic telephone dialing system to place these calls.

19.     Defendant placed these calls voluntarily.

20.     Defendant placed these calls under its own free will.

21.     Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

22.     Defendant willfully used an automatic telephone dialing system to place these calls.

23.     Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

24.     Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

25.     Plaintiff is annoyed and feels harassed by Defendant's calls.

## Count I
### Defendant Violated the Telephone Consumer Protection Act

26.     Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JOLINDA COUNTS, requests that judgment be entered against Defendant, BANK OF AMERICA, for the following:

28.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B).

3

29.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C).

30.     All court costs, witness fees and other fees incurred.

31.     Any other relief that this Honorable Court deems appropriate.

### Count II
### Defendant Violated the Florida Consumer Collection Practices Act

32.     Defendant violated the FCCPA based on the following:

a.   Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff, JOLINDA COUNTS, respectfully requests judgment to be entered against Defendant, BANK OF AMERICA, for the following:

33. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

34. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

35. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:  /s/Stephen R. Caplan
     Stephen R. Caplan
     FBN: 835153
     Caplan & Associates, P.A.
     31 N. Hyer Ave.
     Orlando, FL 32801
     407-872-6249 (phone)
     407-425-1501 (fax)
     SCaplan@caplan-associatespa.com
     *Attorney for Plaintiff*

4